IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| VALERIE'S HOUSE, INC.<br>(a Florida not for profit corporation), | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| AVOW HOSPICE, INC. | ) | |
| (a Florida not for profit corporation) | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
DEMAND FOR TRIAL BY JURY**

Plaintiff, Valerie's House, Inc., by its attorneys, complains against Defendant

Avow Hospice, Inc. as follows:

**THE PARTIES**

1. Plaintiff Valerie's House, Inc. ("Valerie's House") is a Florida not for profit

   corporation having its principal place of business at 1762 Fowler Street, Fort

   Myers, FL 33901.

2. On information and belief, defendant Avow Hospice, Inc. ("Avow") is a Florida

   not for corporation having a principal place of business at 1905 Whipporwill

   Lane, Naples, FL 34105.

## JURISDICTION AND VENUE

3. Count I herein arises under the laws of the United States prohibiting trademark infringement, specifically the Lanham Act, 15 U.S.C. § 1125 (a). Count II is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count III arises under the common law relating to trademark infringement. Count IV arises under the laws of the State of Florida prohibiting deceptive trade practices, specifically the Florida Deceptive Trade Practices Act, Fla. Stat. 501.201 et seq. Count VI arises under the common law of Florida prohibiting unfair competition.

4. This Court has personal jurisdiction over Defendants under Section 48.193, Florida Statutes, and the Due Process Clause of the Fourteenth Amendment, because the acts complained of herein are committed in this District and Defendant Avow operates, conducts and carries on business in this District.

5. This Court has jurisdiction over this Complaint based on 15 U.S.C. § 1121, 28 U.S.C. § 1331, § 1338(a), and § 1367, as federal questions relating to trademarks are presented and supplemental jurisdiction over the claims premised on Florida statutory and common law.

6. Venue is proper under 28 U.S.C. § 1391 because Defendant Avow transacts business in this District and is subject to the jurisdiction of the U.S. District Court for the Middle District of Florida.

## FACTS COMMON TO ALL COUNTS

7. Loss of a parent, grandparent or sibling can be devastating to a child. Loss of a spouse or partner can be devastating to the survivor. Children, as well as

2

surviving parents and caregivers, may not readily possess the necessary skills to work through this devastation, come to terms with their grief and get on with life after loss. Plaintiff is a not for profit corporation with its primary office in Fort Myers, Florida and is engaged in providing emotional, grief and bereavement support programs and services to children and their families experiencing the loss of family members as well as charitable fundraising to support delivery of such programs. Among these programs and services are group discussions for grieving children as well as group support discussions for the adult caregivers of those children. Plaintiff also offers art, music and play programs that allow children the opportunity to identify, express, and process their grief.

8. Plaintiff provides its emotional, grief and bereavement support services directly to the children and families experiencing the loss of a loved one. These program participants are the consumers of Plaintiff's services. Plaintiff makes potential consumers like these aware of its services by various channels, including but not limited to networking, marketing by word-of-mouth, the Internet and social media channels, including Facebook.

9. As a non-profit, plaintiff is funded in large part by donations and grants. While the grieving children and adults are the direct consumers of Plaintiff's programs and services, fundraising to support those programs and services is a significant part of Plaintiff's overall activity and it must actively market to and solicit donations from benefactors. Plaintiff makes its services and needs known to potential donors by various channels, including but not limited to, networking, marketing by word-of-mouth, the Internet, social media and grant submittals. Plaintiff receives funds from donors all across the United States.

10. Since as early as October, 2014, Plaintiff and its predecessors have used the trademark VALERIE'S HOUSE continuously and exclusively to offer and provide these emotional, grief and bereavement support services and in fundraising related to same.

11. Plaintiff has extensively advertised and promoted its services under the VALERIE'S HOUSE mark.

12. Plaintiff is well-known and respected due to its history and dedication to providing high quality emotional, grief and bereavement support services under the VALERIE'S HOUSE mark. Therefore, the VALERIE'S HOUSE mark is favorably recognized and relied upon as indicating high quality services originating exclusively from Plaintiff. As a result of these efforts, Plaintiff's VALERIE'S HOUSE mark has earned very valuable goodwill and has acquired secondary meaning.

13. On June 3, 2019, Plaintiff filed an application to register the mark VALERIE'S HOUSE with the United States Patent and Trademark Office, Application Serial Number 88457278 identifying "Grief counseling; Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Providing emotional counseling and emotional support services for families experiencing the loss of family members" and "Charitable fundraising to support programs that provide emotional counseling and emotional support services for families experiencing the loss of family members; Charitable fundraising to support programs that provide counseling in the field of grief and loss; Charitable fundraising to support programs that provide counseling to develop, strengthen and sustain well balanced families and family relationships."

14. On June 3, 2019, Plaintiff filed an application to register the mark VALERIE'S HOUSE and Design with the United States Patent and Trademark Office, Application Serial Number 88457439 identifying "Grief counseling; Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Providing emotional counseling and emotional support services for families experiencing the loss of family members" and "Charitable fundraising to support programs that provide emotional counseling and emotional support services for families experiencing the loss of family members; Charitable fundraising to support programs that provide counseling in the field of grief and loss; Charitable fundraising to support programs that provide counseling to develop, strengthen and sustain well balanced families and family relationship."

15. On information and belief, Defendant is a Florida not for profit corporation that provides hospice services. Along with its hospice services, Defendant, on information and belief, also provides emotional, grief and bereavement support programs and services to children and their families experiencing the loss of family members as well as charitable fundraising to support delivery of same.

16. On information and belief, Defendant provides its emotional, grief and bereavement support programs and services at various locations in Collier County, Florida, including at its primary business location (hereinafter the "Avow Campus").

17. During the first part of 2016, Defendant made contact with Plaintiff and initiated talks to form some kind of partnership or other such collaboration between Plaintiff and Defendant. During this period, numerous representatives from Defendant visited Plaintiff's facility and a number of different conversations and

meetings took place discussing this potential collaboration. At the time, Defendant made it clear that it desired to offer the same emotional, grief and bereavement support programs and services to its clients as Plaintiff offered and, further, that it wished to offer those services at its Avow Campus location. Defendant also indicated it desired to offer such programs and services under the name VALERIE'S HOUSE.

18. In or about May, 2016, collaboration discussions between Plaintiff and Defendant broke down with no agreement having been reached.

19. On information and belief, in March, 2019, Defendant announced plans to open a facility on the Avow Campus to provide emotional, grief and bereavement support programs and services to children and families. In this release, Defendant identified the facility, the programs and services with the name AUNT JANET'S HOUSE. See printout of Defendant website, attached hereto as Exhibit A.

20. The end consumer recipients of Defendant's emotional, grief and bereavement support programs and services offered under the AUNT JANET'S HOUSE mark are children and families experiencing the loss of a loved one.

21. The end consumer recipients of Defendant's emotional, grief and bereavement support programs and services offered under the AUNT JANET'S HOUSE mark are the same children and families experiencing the loss of a loved one as Plaintiff's targeted recipients.

22. On information and belief, Defendant markets its emotional, grief and bereavement support programs and services offered under the AUNT JANET'S HOUSE mark via the same channels as Plaintiff, including but not limited to such

channels as networking, marketing by word-of-mouth, the Internet and social media channels, including Facebook.

23. On information and belief, Defendant solicits grants and donations to support programs and services offered under the AUNT JANET'S HOUSE mark from the same potential donors as Plaintiff and through fundraising efforts and the same channels as Plaintiff, including but not limited to such channels as networking, marketing by word-of-mouth, the Internet and social media channels, including Facebook.

24. On or about June 4, 2019, Plaintiff, through counsel, sent Defendant a cease and desist demand, requesting Defendant cease use of the name and mark AUNT JANET'S HOUSE.  On June 13, 2013, Defendant, through counsel responded refusing to cease use of the confusingly similar mark AUNT JANET'S HOUSE.

25. As of June 14, 2019 Defendant continues to utilize the AUNT JANET'S HOUSE mark.

## COUNT I
### Trademark Infringement in
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

26. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 25 inclusive.

27. Defendant's AUNT JANET'S HOUSE mark is confusingly similar to Plaintiff's own VALERIE'S HOUSE mark.

28. Defendant Avow's grief and bereavement support services, group counseling, art, music and play therapy provided under the AUNT JANET'S HOUSE mark are

similar, if not wholly identical, to Plaintiff's grief and bereavement support services, group counseling, art, music and play therapy.

29. Defendant markets its services through the same channels of trade and to the same potential consumers and donors as Plaintiff.

30. Defendant's acts complained of herein and use of the confusingly similar mark AUNT JANET'S HOUSE in connection with its similar, if not wholly identical services is likely to cause confusion within the meaning of 15 U.S.C. §1114(a).

31. Defendant's acts complained of herein are likely to cause confusion within the meaning of 15 U.S.C. §1125(a) as to whether Defendant and/or its grief and bereavement support services, group counseling, art, music and play therapy services are in some way sponsored by, connected to, or affiliated with Plaintiff.

32. Defendant's acts complained of herein have caused actual confusion within the meaning of 15 U.S.C. §1125(a) as to whether Defendant and/or its grief and bereavement support services, group counseling, art, music and play therapy services are in some way sponsored by, connected to, or affiliated with Plaintiff..

33. Defendants' acts complained of herein are willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff in its VALERIE'S HOUSE mark. Defendant's numerous discussions with Plaintiff, attempts to partner with Plaintiff and visits to Plaintiff's location provided Defendant with knowledge of Plaintiff's rights in the VALERIE'S HOUSE trademark. Defendant's ultimate adoption of the confusingly similar AUNT JANET'S HOUSE mark despite this knowledge of Plaintiff's superior rights constitutes willful infringement.

34. Defendant's continued unauthorized use of the confusingly similar AUNT JANET'S HOUSE mark on its website, its social media, marketing and advertisements jeopardizes the goodwill symbolized by Plaintiff's own VALERIE'S HOUSE mark, causing serious, and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

35. Defendant's acts complained of herein in connection with the services offered by Defendant in interstate commerce constitute infringement of Plaintiff's rights in the VALERIE'S HOUSE mark in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II
### False Designation of Origin in
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

36. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 35 inclusive.

37. Defendant's acts complained of herein are likely to cause confusion, mistake, or to deceive consumers in interstate commerce as to the affiliation, connection, or association of Defendant with Plaintiff within the meaning of 15 U.S.C. § 1125(a).

38. Defendant's acts complained of herein are likely to cause confusion, mistake, or to deceive consumers in interstate commerce as to the origin, sponsorship or approval of Defendant's services and other commercial activities by Plaintiff within the meaning of 15 U.S.C. § 1125(a).

39. Defendant's acts complained of herein have caused actual confusion within the meaning of 15 U.S.C. §1125(a) as to whether Defendant and/or its grief and

bereavement support services, group counseling, art, music and play therapy services are in some way sponsored by, connected to, or affiliated with Plaintiff..

40. Defendant's acts complained of herein jeopardize the goodwill built up by Plaintiff in its VALERIE'S HOUSE mark, causing serious and irreparable injury to Plaintiff for which it has no adequate legal remedy.

41. Defendants' acts complained of herein constitute false designation of origin, false advertising and passing off in connection with services provided in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### Common Law Trademark Infringement

42. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 41 inclusive.

43. Defendants' acts complained of herein and use of the confusingly similar AUNT JANET'S HOUSE mark in connection with similar, if not wholly identical services marketed through the same channels of trade and to the same potential consumers as Plaintiff is likely to cause confusion as to whether Defendant and/or its services are in some way sponsored by, connected to, or affiliated with Plaintiff.

44. Defendant's acts complained of herein have caused actual consumer confusion as to whether Defendant and/or its services are in some way sponsored by, connected to, or affiliated with Plaintiff.

45. Defendant's acts complained of herein are willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff in its VALERIE'S HOUSE mark. Defendant's numerous discussions with Plaintiff,

attempts to partner with Plaintiff and visits to Plaintiff's location provided

Defendant with knowledge of Plaintiff's rights in the VALERIE'S HOUSE

trademark. Defendant's ultimate adoption of the confusingly similar AUNT

JANET'S HOUSE mark despite this knowledge of Plaintiff's superior rights

constitutes willful infringement.

46. Defendants continued unauthorized use of the confusingly similar mark AUNT

JANET'S HOUSE on its website, its social media, marketing and advertisements

jeopardizes the goodwill symbolized by Plaintiff's VALERIE'S HOUSE mark,

causing serious, and irreparable injury to Plaintiff, for which it has no adequate

remedy at law.

47. Defendants' acts complained of herein constitute infringement of Plaintiff's rights

in the VALERIE'S HOUSE mark in connection with Defendants' services

provided in interstate commerce.


## COUNT IV
### Violation of the
### Florida Deceptive Trade Practices Act, Fla. Stat. 501.201 et seq.

48. Plaintiff repeats and realleges as if fully set forth herein the allegations of

paragraphs 1 through 47 inclusive.

49. Defendant's acts complained of herein violate the Florida Deceptive Trade

Practices Fla. Stat. 501.201 et seq., by causing a likelihood of confusion or

misunderstanding as to the affiliation, connection, or association of Defendant's

services by or with Plaintiff.

50. On information and belief, Defendant has willfully engaged in these practices,

knowing them to be deceptive.

51. Defendants' deceptive trade practices have caused, and if not restrained by this Court, will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT VI
### Unfair Competition in Violation of Florida Common Law

52. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 51 inclusive.

53. Defendant's unauthorized use of the confusingly similar mark AUNT JANET'S HOUSE in its advertising, website and social media constitute unfair competition in violation of the common law of Florida because it is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendant and/or its services by or with Plaintiff.

54. On information and belief, Defendant has have willfully engaged in these acts of unfair competition.

55. Defendants' acts have caused, and if not restrained by this Court, will continue to cause irreparable injury to Plaintiff for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Valerie's House, Inc. prays for a judgment against Defendant Avow Hospice, Inc. as follows:

A.    For an injunction restraining Defendant, its officers, agents, servants, employees, attorneys and all other persons or entities in active concert or participation with them from:

(1)     using, advertising, displaying, promoting, marketing, selling or offering any grief and bereavement support services to children and their caregivers under the mark AUNT JANET'S HOUSE or anything confusingly similar thereto;   and

(2)     holding out in any manner whatsoever that Defendant or Defendant's services are in any way sponsored by, or associated or affiliated with Plaintiff.

B.     That Defendant directed to deliver up to Plaintiff during the pendency of this action and for subsequent destruction at the conclusion of this action, all materials of any nature whatsoever bearing the AUNT JANET'S HOUSE mark, including but not limited to advertising materials, promotional materials and brochures or any other materials bearing or containing that mark, pursuant to 15 U.S.C. §1118.

C.     That Defendant be directed to pay over to Plaintiff all gains and profits obtained by Defendant a result of its use of the confusingly similar mark AUNT JANET'S HOUSE.

D.     That Defendant be directed to pay to Plaintiffs all damages suffered by Plaintiff, pursuant to 15 U.S.C. §1117 and those damages be trebled accordingly.

E.     That Defendants be directed to pay to Plaintiff's reasonable attorney's fees and all costs connected with this action pursuant to 15 U.S.C. §1117, Fla. Stat. 501.2105 and/or Fla. Stat. 501.211.

F.     That this Court order such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable by right of jury.

Respectfully submitted,

Date: June 18, 2019

s/Mark A. Nieds
Mark A. Nieds
Florida Bar No. 0114940
HENDERSON, FRANKLIN, STARNES &
HOLT, P.A.
Attorneys for Plaintiff Valerie's House, Inc.
P.O. Box 280
Fort Myers, FL 33901-0280
239-344-1153 (Telephone)
239-344-1200 (Fax)
Primary mark.nieds@henlaw.com
Secondary janice.cruz@henlaw.com