UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALERIE'S HOUSE, INC.,

    Plaintiff,

v.                                                       Case No.: 2:19-cv-409-FtM-38NPM

AVOW HOSPICE, INC.,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court are Plaintiff/Counter-Defendant Valerie's House, Inc.'s Motion for Judgment on the Pleadings (Doc. 25), Defendant/Counter-Plaintiff Avow Hospice, Inc.'s response (Doc. 26), and Valerie's House's reply (Doc. 31).

This is a trademark dispute between two not-for-profit corporations that provide bereavement support services to children and families who have lost loved ones. Valerie's House began using the VALERIE'S HOUSE mark to promote its services in and around Fort Myers, Florida in 2014. Avow Hospice has provided palliative care and bereavement support services in nearby Collier County for over thirty years. In 2016, the parties discussed a deal for Valerie's House to provide services at Avow's hospice facility, but talks broke down when Avow declined to sign a Memorandum of Understanding presented by Valerie's House. Then in 2018, Avow received funds from philanthropist Janet Cohen to renovate a house into a "home base" for Avow's children's grief and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

bereavement services.  At Cohen's request, Avow named the building "Aunt Janet's House."  Avow opened Aunt Janet's House in June 2019, and Valerie's House sued Avow for damages and injunctive relief.  Avow filed counterclaims for declaratory judgment and unfair competition.  Valerie's House now seeks dismissal of those counterclaims under Federal Rule of Civil Procedure 12(c).

The standard for granting a Rule 12(c) motion on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss.  *Equal Emp't Opportunity Comm'n v. Austal USA, LLC*, 389 F. Supp. 3d 1015, 1018 (S.D. Ala. 2019).  The court accepts as true all material allegations in the nonmovant's pleading and views those facts in the light most favorable to the nonmovant.  *Id.*  "Judgment on the pleadings is appropriate when no material facts are in dispute and the movant is entitled to judgment as a matter of law."  *Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019).

Avow's first counterclaim seeks a declaration that its "use of the AUNT JANET'S HOUSE mark does not infringe any trademark or other right held by" Valerie's House.  (Doc. 11 at 13).  Under both federal and Florida state law, courts have discretion in deciding whether to exercise jurisdiction over declaratory judgment claims.  *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008).  Avow's declaratory judgment claim is extraneous because Plaintiff's trademark claims will decide the rights Avow seeks to adjudicate.  The Court thus declines to hear it.

Next, Avow claims that Valerie's House violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) by making false trademark infringement claims to gain a business advantage.  A FDUTPA claim has three elements:  "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  *Dolphin LLC v. WCI Cmtys., Inc.*, 715

F.3d 1243, 1250 (11th Cir. 2013). Valerie's House attacks the first element, arguing that Avow failed to allege a deceptive act or unfair practice.

A "deceptive act" under the FDUTPA is "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)). The only hint of deception in Avow's counterclaim is an allegation that the Memorandum of Understanding proposed by Valerie's House was "factually inaccurate." But Avow does not claim that the inaccuracies were communicated to any consumers. Avow has not alleged a "deceptive act" under the FDUTPA.

A practice is "unfair" under the FDUTPA if is "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Hetrick v. Ideal Image Dev. Corp.*, 372 F. App'x 985, 992 (11th Cir. 2010) (quoting *PNR*, 842 So.2d at 777). Even construing the counterclaim as liberally as possible, the only act Avow alleges that might be injurious is Valerie's House filing this case. Plaintiff's conduct before this suit was innocuous. The problem for Avow is that Florida's litigation privilege affords absolute immunity to acts "occurring during the course of a judicial proceeding." *Echecarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007). "The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Id.* Avow has not alleged an actionable "unfair practice."[2]

---

[2] The Florida Supreme Court later clarified "that the litigation privilege does not bar the filing of a claim for malicious prosecution that was based on adding a party defendant to a civil suit." *Debrincat v. Fischer*, 217 So.3d 68, 71 (Fla. 2017). But despite accusing

3

Finally, at the end of its Response, Avow requests leave to file an amended counterclaim if the Court finds its pleading insufficient. The Court will not grant leave to amend at this time. First, the deadline to amend pleadings has passed. Second, by tacking the request onto the end of its Response, Avow circumvented Local Rule 3.01(g), which requires counsel to confer in good faith before requesting relief. Third, an amendment appears futile. Avow's only grievance with Valerie's House seems to be the filing of this case, which is protected by the litigation privilege.

Accordingly, it is now

**ORDERED:**

Plaintiff/Counter-Defendant Valerie's House, Inc.'s Motion for Judgment on the Pleadings (Doc. 25) is **GRANTED**. Avow Hospice, Inc.'s Counterclaim is **DISMISSED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

Valerie's House of malicious prosecution in its counterclaim, Avow stated in its Response that it "is not attempting to bring [a] malicious prosecution claim at this time." (Doc. 26).